**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHARLES DUNBAR,

                Petitioner,                              Case Number: 05-CV-73366

v.                                                    HONORABLE VICTORIA A. ROBERTS

KENNETH MCKEE,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

**I. Introduction**

Petitioner Charles Dunbar has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the Bellamy Correctional Facility in Ionia, Michigan, pursuant to convictions for possession with intent to deliver less than 50 grams of cocaine, and possession with intent to deliver less than 5 kilograms of marijuana. For the reasons set forth below, the Court denies the petition.

**II. Facts**

Petitioner's convictions arise out of events which transpired on January 27, 1999 in Muskegon Heights, Michigan. At a bench trial, Muskegon Police Sergeant Tim Lewkowski testified that, after receiving a tip from a confidential informant that Petitioner was in possession of cocaine and would be in a particular neighborhood, he and a team of officers went to the identified neighborhood.

After locating Petitioner at the corner of Columbia and Airline Roads, Sergeant Lewkowski and Sergeant James Christianson of the Muskegon County Sheriff's Department

surrounded Petitioner with their vehicles. Sergeant Lewkowski approached Petitioner and directed him to remove his hands from his pockets. When Petitioner complied, plastic sandwich bags fell from his hands to the ground. Sergeant Lewkowski testified the bags contained thirty-two rocks of cocaine and twenty-five individually wrapped bags of marijuana. Petitioner was then arrested.

Scott Sietsema, of the Michigan State Police forensic laboratory, tested the substances in the plastic bags and testified that the first bag contained 3.145 grams of a substance containing cocaine, and the second substance, packaged in twenty-five separate bags, weighed 27.622 grams and tested positive for marijuana.

Petitioner testified in his own defense. He admitted he had marijuana in his possession when he was stopped by Sergeant Lewkowski, but denied possessing any cocaine.

### III. Procedural History

Petitioner was charged with one count of possession with intent to deliver under 50 grams of cocaine, possession with intent to deliver marijuana, and second habitual offender. A preliminary examination was held, in Muskegon County District Court, on February 10, 1999, before a visiting judge, the Honorable Donald Neitzel, who sat in for the assigned judge, the Honorable Richard Pasarela. The arresting officer testified that he approached Petitioner and ultimately discovered the controlled substances based upon information received from a confidential informant. On cross-examination, defense counsel asked at what time the informant conveyed the information regarding Petitioner to the arresting officer. The prosecutor argued that this was irrelevant and that eliciting this testimony risked revealing the confidential informant's identity. The court overruled the objection. When the court denied the prosecutor's

request to obtain authority for his position, the prosecutor moved to dismiss the charges.

The State re-filed charges immediately. A second preliminary examination was scheduled before a different judge, the Honorable Frederic Grimm, on February 23, 1999. Petitioner objected to the proceedings, arguing that the case should be heard by Judge Neitzel, the visiting judge who presided over the first preliminary examination. Judge Grimm offered to transfer the proceedings to the original assigned judge, Judge Pasarela. Petitioner declined and a preliminary examination was held at which time the prosecutor presented no additional support for his argument that the time the informant conveyed the information was irrelevant. Petitioner was bound over as charged.

Petitioner filed a motion to quash the bindover in circuit court on the ground that the prosecutor engaged in judge shopping and a motion to suppress based upon a claimed illegal search and seizure. The circuit court granted the motion to quash holding Petitioner's due process rights were violated by harassment or forum shopping. People v. Dunbar, No. 99-0431156 (Muskegon County Circuit Court Aug. 5, 1999).

The State filed an appeal in the Michigan Court of Appeals, which affirmed the circuit court's decision. People v. Dunbar, No. 221978 (Mich. Ct. App. May 9, 2000). The State then filed an application for leave to appeal. The Michigan Supreme Court granted leave to appeal and reversed the trial court's holding, finding that there was no evidence the prosecutor was judge-shopping and no reason to doubt the veracity of the prosecutor's reason for dismissal, protection of the confidential informant's identity. People v. Dunbar, 463 Mich. 606, 617-18 (2001). The Supreme Court remanded the matter to the trial court.

On remand, Petitioner renewed his motion to suppress the evidence obtained at the time

3

of his arrest. After conducting an evidentiary hearing, the trial court denied the motion. Petitioner then waived his right to a jury trial. Following a bench trial, Petitioner was convicted of possession with intent to deliver less than fifty grams of cocaine and possession with intent to deliver less than five kilograms of marijuana. He was sentenced to consecutive sentences of 9 months to 22 years imprisonment for the cocaine conviction and 3 months to 6 years imprisonment for the marijuana conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I. The People failed to sustain their burden of showing that the warrantless stop and arrest of Mr. Dunbar was supported by probable cause or that it was reasonable under the Fourth Amendment.
>
> II. The trial court order requiring Mr. Dunbar to contribute to the cost of his appointed counsel without assessing his ability to pay violates the constitutional right to counsel and to due process.

The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Dunbar, 264 Mich. App. 240 (Mich. Ct. App. Oct. 26, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. People v. Dunbar, 473 Mich. 881 (Mich. July 26, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

> I. The prosecution's initiation of a second preliminary examination without introducing new evidence violated defendant's due process right to a fair trial.
>
> II. The People failed to sustain their burden of showing that the warrantless stop and arrest of Mr. Dunbar was supported by probable cause or that it was unreasonable under the Fourth Amendment.

III. The People failed to show that the informant was credible or reliable such that an independent and detached magistrate could find probable cause under the totality of the circumstances.

IV. Having failed to show the informant was reliable or credible the police also did not show that the informant had a sufficient basis of knowledge such that an independent and detached magistrate could find probable cause under the totality of the circumstances.

### IV. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall

5

complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 409-11.

## V. Analysis

---

be presumed to be correct.

## A. Alleged Due Process Violation

In his first claim for habeas corpus relief, Petitioner argues that the prosecutor violated his right to due process by engaging in impermissible judge shopping. Petitioner maintains that the prosecutor voluntarily dismissed the charges at the first preliminary examination (conducted by a visiting judge) in order to re-initiate proceedings before a different judge who, the prosecutor perceived, would be more favorable to the prosecution than the visiting judge.

The Michigan Court of Appeals held that Petitioner's due process rights were violated by the second preliminary examination. People v. Dunbar, No. 221978 (Mich. Ct. App. May 9, 2000). The Michigan Supreme Court reversed the court of appeals. The Michigan Supreme Court, reasoned, in pertinent part:

> The circuit court and the Court of Appeals have premised their rulings on the assumption that the assistant prosecutor was engaged in impermissible judge-shopping. A careful review of the record, however, does not support that conclusion. The assistant prosecutor's stated intent was to avoid divulging the identity of a confidential informant, lest the informant come to harm. When the court overruled the prosecutor's objection, the prosecutor had no choice but to dismiss the charges or to require the officer to provide information that likely would allow the defendant to determine the identity of the confidential informant. Absent evidence of pretext, or an underlying contrary motive, nothing in the record suggests that the dismissal was designed to accomplish anything other than the prosecutor's stated intent.
>
> We note that the prosecutor did not immediately seek to dismiss the case when the judge indicated that he thought defense counsel was entitled to have the police officer specifically indicate when he had spoken to the confidential informant. Faced with this preliminary ruling, the assistant prosecutor merely asked the court for a five-minute recess so he could locate authority in support of his position. This does not suggest that the assistant prosecutor intended to engage in judge-shopping. Moreover, the reaction of the judge to the assistant prosecutor's statement that he would dismiss if he could not have five minutes to locate the authority, does not suggest that the judge believed the matter was being set up for judge-shopping to occur. Indeed, the judge specifically indicated that the prosecutor could dismiss the case and "start it all over again." Finally, as the circuit judge recognized, there is no evidence that the assistant prosecutor knew

> the identity of the second judge. Given the fact that the visiting judge had visited with some regularity, it was by no means certain that a dismissal would result in the case being heard by a different judge.
>
> Accordingly, there is no record evidence to support the circuit court's determination that the assistant prosecutor sought a dismissal of the charges in hope of obtaining a more favorable substantive result before a different judge. Nor is there any reason to assume the assistant prosecutor, an officer of the court, was not telling the truth when he explained his reasons for the dismissal. . . . A prosecutor who seeks dismissal, under circumstances such as these, is simply not "judge-shopping."

Dunbar, 463 Mich. 606, 617-18 (Mich. 2001).

First, the Court finds that the Michigan Supreme Court's finding that the prosecutor did not engage in judge shopping is not clearly erroneous or an unreasonable application of Supreme Court precedent. Second, even assuming that the prosecutor attempted to manipulate the case assignment system, Petitioner fails to show that his right to due process was violated. First, "[a] defendant does not have a right to have his case heard by a particular judge. . . . Nor does a defendant have the right to have his judge selected by random draw." Sinito v. United States, 750 F.2d 512, 515 (6th Cir. 1984) (internal quotation omitted). "Even when there is an error in the process by which the trial judge is selected, or when the selection process is not operated in compliance with local rules, the defendant is not denied due process as a result of the error unless he can point to some resulting prejudice." Id. The Sixth Circuit Court of Appeals has even held that prosecutorial involvement in judicial assignments or prosecutorial manipulation of the court assignment system court does not violate due process absent a showing of prejudice. See United States v. Gallo, 763 F.2d 1504, 1532 (6th Cir. 1985); United States v. Erwin, 155 F.3d 818, 825 (6th Cir. 1998). See also Tyson v. Trigg, 50 F.3d 436, 439-42 (7th Cir. 1995).

Petitioner has failed to show that he was prejudiced by the judicial assignment. The

visiting judge never rendered a probable cause determination at the first preliminary hearing. He only indicated that some testimony regarding the time when the confidential informant contacted the police officer was necessary to determine whether the information was stale. The prosecutor, not wishing to present such testimony and not having supporting caselaw instantly available, dismissed the charges. At the second preliminary examination, testimony was presented that contact with the confidential informant occurred within eight hours of Petitioner's arrest. This narrowing down of the time of contact to within eight hours satisfied the second judge who ultimately determined probable cause had been established. Because the first judge did not make a probable cause determination and because a piece of evidence which was not presented at the first preliminary examination was presented at the second preliminary examination, Petitioner cannot establish that the first judge, presented with the same testimony as the second judge, would not have found probable cause. Thus, he cannot establish that he was prejudiced by the judicial assignment procedure.

Accordingly, the Court finds that Petitioner has failed to establish a due process violation.

### B. Fourth Amendment Claims

Petitioner's remaining three claims allege violations of the Fourth Amendment. First, Petitioner claims that the warrantless stop was not supported by probable cause and that it was unreasonable. Second and third, Petitioner argues that probable cause was not established at the preliminary examination.

The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal

9

habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." Stone v. Powell, 428 U.S. 465, 494-95 (1976). The Sixth Circuit Court of Appeals utilizes a two-step analysis to determine whether a defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in state court:

> First, the court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.

Machacek v. Hofbauer, 213 F.3d 947, 952 (6th Cir. 2000) (internal quotations omitted).

Petitioner's Fourth Amendment claims were the subject of a suppression hearing in state court. Following the hearing, the trial court denied the motion to suppress. Petitioner then appealed his conviction to the Michigan Court of Appeals, presenting his Fourth Amendment claims. The Michigan Court of Appeals addressed the claim in a lengthy opinion and found no Fourth Amendment violation. People v. Dunbar, 264 Mich. App. 240 (Mich. Ct. App. 2004). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, again presenting his Fourth Amendment claims. The Michigan Supreme Court denied leave to appeal. People v. Dunbar, 473 Mich. 881 (Mich. 2005).

Based upon the foregoing, this Court concludes that Petitioner was provided an opportunity for full and fair litigation of his Fourth Amendment claim in the Michigan courts. Petitioner's disagreement with the state courts' conclusions regarding his motion to dismiss does not render the procedural mechanism for presenting his claims inadequate. Consequently, Petitioner's Fourth Amendment claims are not cognizable on habeas review.

### VI. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus

is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 6, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on July 6, 2007.

s/Carol A. Pinegar
Deputy Clerk