# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARLES DUNBAR,

        Petitioner,                  Case Number: 05-CV-73366

v.                                      HON. VICTORIA A. ROBERTS

KENNETH MCKEE,

        Respondent.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Charles Dunbar filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenged his convictions for possession with intent to deliver less than 50 grams of cocaine, and possession with intent to deliver less than 5 kilograms of marijuana. The Court denied the petition. Now before the Court are Petitioner's Motion for Certificate of Appealability and Motion to Proceed *In Forma Pauperis* On Appeal.

Before Petitioner may appeal the court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner challenged his convictions on four grounds. First, Petitioner claimed that the prosecutor violated his right to due process by engaging in impermissible judge shopping. Petitioner argued that the prosecutor voluntarily dismissed the charges at the first preliminary examination (conducted by a visiting judge) in order to re-initiate proceedings before a different judge who, the prosecutor perceived, would be more favorable to the prosecution than the visiting judge. The Michigan Court of Appeals held that the prosecutor's conduct amounted to impermissible judge shopping. People v. Dunbar, No. 221978 (Mich. Ct. App. May 9, 2000). The Michigan Supreme Court reversed the court of appeals, finding "no record evidence to support the . . . determination that the assistant prosecutor sought a dismissal of the charges in hope of obtaining a more favorable substantive result before a different judge." Dunbar, 463 Mich. 606, 617-18 (Mich. 2001).

This Court denied habeas relief. First, the Court held that the Michigan Supreme Court's finding that the prosecutor did not engage in judge shopping was not clearly erroneous or an unreasonable application of Supreme Court precedent. Second, even assuming that the prosecutor attempted to manipulate the case assignment system, the Court found that Petitioner failed to show that his right to due process was violated because he failed to demonstrate the required prejudice. *See* Sinito v. United States, 750 F.2d 512, 515 (6th Cir. 1984).

While this court concluded that the Michigan Supreme Court's decision was not contrary to or an unreasonable application of Supreme Court prejudice, the court finds that reasonable jurists could find that its resolution of this claim to be debatable or wrong. Accordingly, the

2

court will grant a certificate of appealability on the issue of whether the Petitioner's due process rights were violated by the prosecutor's conduct and the judicial assignment procedure.

In his remaining claims for habeas corpus relief, Petitioner alleged violations of the Fourth Amendment. First, Petitioner claimed that the warrantless stop was not supported by probable cause and that it was unreasonable. Second and third, Petitioner argued that probable cause was not established at the preliminary examination. Because Petitioner was provided an opportunity for full and fair litigation of his Fourth Amendment claim in the Michigan courts, the Court concluded that the claims were not cognizable on federal habeas review. *See* Stone v. Powell, 428 U.S. 465, 494-95 (1976). The Court finds that reasonable jurists would not find its conclusion in this regard to be debatable or wrong and, therefore, will deny a certificate of appealablity on these claims.

Petitioner also has filed a Motion to Proceed *In Forma Pauperis* On Appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." U.S. v. Cahill-Masching, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). Because this Court is granting a certificate of appealability, this Court finds that Petitioner's appeal is undertaken in good faith and will grant him leave to appeal *in forma pauperis*.

Accordingly, for the reasons stated above, **IT IS ORDERED** that Petitioner's "Motion for Certificate of Appealability is **GRANTED IN PART** and **DENIED** in part. The court **GRANTS** a certificate of appealability on the issue of whether Petitioner's due process rights were violated by the judicial assignment procedure and **DENIES** a certificate of appealability as to Petitioner's remaining claims.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* on Appeal is **GRANTED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 10, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on August 10, 2007.

s/Carol A. Pinegar
Deputy Clerk